```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
            v.               )    Cr. No. 05-30042-MLW
                             )
CESAR CRUZ                   )
RICARDO DIAZ                 )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        December 15, 2006

On September 27, 2006, the court declared a mistrial of this case in part because of misjoinder of counts in the indictment and in part because the government had not prior to trial reviewed certain files and produced, as required, documents and information that they contained. A second trial is scheduled to begin on January 2, 2007.

Defendants have moved to dismiss this case, essentially for prosecutorial misconduct. On December 14, 2006, the government filed its Response to Defendants' Motion to Dismiss (Docket No. 155), which is signed by Acting United States Attorney Michael Loucks.

The government asserts that the stated grounds for the motion to dismiss are not meritorious. However, the government reports that in preparing to respond to the motion it discovered another file containing "numerous additional documents" which constitute Jencks and impeachment material that should have been produced previously. Gov. Response to Def. Mot. to Dismiss at 3-4. Therefore, the government states that:

> Given the lateness in the case of the discovery of this file containing materials which should have been provided to defendants months ago, and coming as it does following the late disclosures made during the first trial in September, counsel for the Government believes that the appropriate and just position for it to take at this junction is not to oppose the defendants' motion to dismiss.

Id. at 4.

In essence, the governnment is asking the court to dismiss this case pursuant to Federal Rule of Criminal Procedure 48(a). The government has not, however, stated whether the proposed dismissal is intended to be with prejudice to any future federal and/or state prosecution. Nor does the court know whether the defendants consent to dismissal on the terms the government proposes. The court must consider these issues, however, in deciding whether to grant a motion by the government to dismiss under Rule 48(a). See Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977).

Accordingly, it is hereby ORDERED that:

1. Mr. Loucks or his representative shall confer forthwith with counsel for the defendants concerning the issues identified in this Memorandum.

2. By 12:00 noon on December 19, 2006:

a. The government shall file a motion to dismiss pursuant to Rule 48(a) which states whether the proposed dismissal will be without prejudice to future federal and/or state prosecution of defendant's for the conduct alleged in this case. An affidavit explaining the circumstances that justify dismissal

and a supporting memorandum shall also be submitted.  See L.R. 7.1(B)(1).

      b.  Each defendant shall file a report stating whether he consents or objects to dismissal on the terms proposed by the government.

3.  The government's motion to dismiss will be addressed at the previously scheduled hearing on December 20, 2006, at 3:00 p.m. As Mr. Loucks signed the Government's Response to Defendant's Motion to Dismiss, the court assumes he will be present to participate in the hearing.

                                  /S/ MARK L. WOLF  
                              UNITED STATES DISTRICT JUDGE